**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ALEJANDRO ESPINOZA,                              Case No.  1:24-cv-23544-KMW

      Plaintiff,

v.

HARDEE'S RESTAURANTS, LLC a
Foreign Limited Liability Company
d/b/a HARDEE'S,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant HARDEE'S RESTAURANTS, LLC, d/b/a HARDEE'S ("HARDEE'S" or "Defendant") by and through counsel, hereby submits the following answers and affirmative defenses to ALEJANDRO ESPINOZA ("Plaintiff") Complaint (Doc. 1). Defendant denies any and all allegations that are not specifically admitted herein.

1.     Paragraph 1 contains no allegations, and therefore, no response is required.  To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

2.     Admitted for jurisdictional purposes only.

3.     Admitted for jurisdictional purposes only.

4.      Defendant is without knowledge as to the allegations contained in Paragraph 4 and is therefore denied.

5.      Paragraph 5 contains no allegations, and therefore, no response is required.   To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

6.      Paragraph 5 contains no allegations, and therefore, no response is required.   To the extent a response is required or there are allegations contained therein, Defendant is without knowledge and therefore denies any and all allegations contained herein.

7.      Denied.

8.      Denied.

9.      Paragraph 9 contains no allegations, and therefore, no response is required.   To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

10.     Defendant is without knowledge as to the location where the alleged events, actions, injuries, and damages occurred and is therefore denied.

11.     Defendant is without knowledge and is therefore denied.

12.     Defendant is without knowledge and is therefore denied.

13.     Defendant is without knowledge and is therefore denied.

14.     Defendant is without knowledge and is therefore denied.

15.     Defendant is without knowledge and is therefore denied.

16.     Defendant is without knowledge and is therefore denied.

17.     Paragraph 17 contains no allegations, and therefore, no response is required.  To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

18.     Defendant is without knowledge and is therefore denied.

19.     Admitted.

20.     Admitted.

21.     Admitted only that Defendant is a private entity, which owns and operates locations under the name "CARL'S JR."  The remaining statements in this paragraph are legal conclusions to which no response is required.  To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

22.     The statements in this paragraph are legal conclusions to which no response is required.  To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

23.     Admitted only that Defendant owns the website referenced in this paragraph.  The remaining statements in this paragraph are legal conclusions to which no response is required.  To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

24. The statements in this paragraph are legal conclusions to which no response is required. To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

25. Defendant is without knowledge therefore denied.

26. Defendant is without knowledge therefore denied. To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

27. Defendant is without knowledge therefore denied.

28. Defendant is without knowledge therefore denied. To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

29. Denied.

30. Defendant is without knowledge therefore denied. To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

31. Defendant is without knowledge therefore denied. To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

32.     Defendant is without knowledge therefore denied. To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Defendant is without knowledge therefore denied.

43.     Denied.

44.     Denied.

45.     The statements in this paragraph are legal conclusions to which no response is required.  To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

46.     The statements in this paragraph are legal conclusions to which no response is required.  To the extent a response is required or there are

allegations contained therein, Defendant denies any and all allegations contained herein.

47. Denied.

48. Denied as phrased.

49. Defendant is without knowledge therefore denied.

50. Denied.

51. The statements in this paragraph are legal conclusions to which no response is required. To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

52. Denied.

53. Defendant is without knowledge therefore denied.

## COUNT I – VIOLATION OF THE ADA

54. Defendant reasserts its answers to paragraphs 1 through 53 as if set forth fully herein.

55. The statements in this paragraph are legal conclusions to which no response is required. To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

56. The statements in this paragraph are legal conclusions to which no response is required. To the extent a response is required or there are

allegations contained therein, Defendant denies any and all allegations contained herein.

57.     The statements in this paragraph are legal conclusions to which no response is required.  To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

58.     The statements in this paragraph are legal conclusions to which no response is required.  To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

59.     The statements in this paragraph are legal conclusions to which no response is required.  To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

60.     The statements in this paragraph are legal conclusions to which no response is required.  To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

61.     The statements in this paragraph are legal conclusions to which no response is required.  To the extent a response is required or there are

allegations contained therein, Defendant denies any and all allegations contained herein.

62.     Defendant is without knowledge therefore denied.  To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

63.     Denied.

64.     Defendant is without knowledge therefore denied.  To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

65.     Denied.

66.     The statements in this paragraph are legal conclusions to which no response is required.  To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

67.     The statements in this paragraph are legal conclusions to which no response is required.  To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

68.     The statements in this paragraph are legal conclusions to which no response is required.  To the extent a response is required or there are

allegations contained therein, Defendant denies any and all allegations contained herein.

69. The statements in this paragraph are legal conclusions to which no response is required. To the extent a response is required or there are allegations contained therein, Defendant denies any and all allegations contained herein.

70. Denied as phrased.

71. Denied.

72. Denied.

73. Defendant denies that Plaintiff is entitled to damages and further denies that Plaintiff is entitled to the relief sought in this paragraph and subparts.

74. Defendant denies the relief sought in this paragraph and subparts.

## COUNT II – TRESPASS

Defendant reasserts its answers to paragraphs 1 through 53 as if set forth fully herein.

75. Denied.

76. Defendant is without knowledge as to Plaintiff's consent therefore denied.

77. Denied.

78. Denied.

79.     Denied.

80.     Denied as phrased.

81.     Denied.

82.     Denied.

Defendant denies the allegations made, and the relief sought, in the Wherefore clause.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's Complaint, Defendant states as follows:

1.      Defendant at all times acted in good faith and in compliance with the law.

2.      The allegations contained in Plaintiff's Complaint fail under the Americans with Disabilities Act ("ADA") because Plaintiff cannot establish that he was excluded from participation in Defendant's goods, services, facilities, or accommodations because of his disability.

3.      The allegations contained in Plaintiff's Complaint fail under the ADA because Plaintiff cannot show that he was denied the full and equal enjoyment of Defendant's goods, services, facilities, or accommodations because of his disability by Defendant failing to make a requested reasonable modification that was necessary to accommodate Plaintiff's disability.

4.      The allegations contained in Plaintiff's Complaint fail under the ADA because Plaintiff did not request a reasonable modification that was necessary to accommodate Plaintiff's disability.

5.      The allegations contained in Plaintiff's Complaint fail under the ADA because its website is not a place or provider of public accommodation, resort, or amusement within the meaning of those laws.

6.      The allegations contained in Plaintiff's Complaint fail under the ADA because current law does not require Defendant to implement policies and procedures demanded by Plaintiff.

7.      The allegations contained in Plaintiff's fail under the ADA to demonstrate that the website is integrated with a physical location.

8.      The allegations contained in Plaintiff's fail under the ADA because implementing the WCAG 2.1 Level AA guidelines would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations of the website, or would result in an undue burden.

9.      Defendant provides reasonable alternatives for visually impaired individuals, through among other things, providing in-person and telephonic assistance to provide customers with information about and access to its products and services.

10.    The allegations contained in Plaintiff's Complaint fail to state a claim for declaratory judgment because such relief will not terminate the controversy giving rise to the proceeding.

11.    The allegations contained in Plaintiff's Complaint are barred by the ripeness doctrine because the U.S. Department of Justice has not issued regulations on accessibility standards for websites.

12.    Defendant's right to due process would be violated by imposing liability on it for the failure to abide by alleged accessibility standards about which the government has not given Defendant fair notice.

13.    The allegations contained in Plaintiff's Complaint fail to demonstrate that Plaintiff sought and Defendant failed to provide appropriate auxiliary aids and services.

14.    The Complaint should be dismissed for lack of Article III standing.

15.    Defendant denies that it has any liability or obligation for Plaintiff's alleged damages, and affirmatively states that Plaintiff's claims are barred, in whole or in part, for failure to join the proper, responsible part(ies) to this action and/or to bring or allege this action against the third part(ies).

16.    Plaintiff's claims are barred, in whole or in part, because he has not suffered any cognizable injury or loss.  Further, Plaintiff's alleged damages are de minimis, and/or are too speculative, and/or are too remote, and/or are

impossible to prove and/or allocate. Plaintiff has also failed to mitigate his alleged damages.

17. Plaintiff's claims are barred, in whole or in part, because any award to him in this action would constitute unjust enrichment.

18. To the extent Plaintiff's claims for damages rely on acts of third part(ies) and/or Defendant's agents imputed to Defendant, the limitations inherent in general agency principles and corporate separateness prohibit recovery.

19. No act or omission of Defendant was malicious, willful, wanton, reckless or with a conscious disregard for the rights of others.

20. No act or omission of Defendant constituted willful or intentional discrimination.

21. No act or omission of Defendant constituted aiding or inciting a violation of the ADA.

22. Plaintiff has failed to plead or establish entitlement to any award of attorneys' fees or costs.

23. Plaintiff has failed to demonstrate that all administrative remedies were properly exhausted.

24. Plaintiff's Complaint, to the extent that it seeks relief and/or judgment on behalf of persons who are not parties to this action, violates Defendant's rights to substantive and procedural due process and equal

protection under the law as provided by the Fifth and Fourteenth Amendments of the United States Constitution.

25.     The allegations contained in Plaintiff's Complaint inappropriately demand multiple recoveries for the same harm.

26.     Because the allegations contained in Plaintiff's Complaint lack merit, Defendant should recover all costs and attorneys' fees incurred herein.

27.     Defendant currently has insufficient knowledge or information from which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates additional affirmative defenses would be appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant, CARL'S JR., RESTAURANTS, LLC, respectfully requests that Plaintiff's claims be dismissed, for its attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

Dated: November 25, 2024

Respectfully submitted,

/s/ Bryan F. DuBon
Bryan F. DuBon
Dentons Cohen & Grigsby
9110 Strada Place, Mercato Dr
Suite 6200
Naples, FL 34108

786-877-7756
Email: bryan.dubon@dentons.com
Secondary email:
melanie.ortega@dentons.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th of November 2024, a true and accurate

copy of the foregoing document was filed utilizing this Court's CM/ECF system,

which serves notice upon the following counsel:

Diego German Mendez, Esq.
Mendez Law Offices, PLLC
P.O. Box 228630
Miami, Florida 33172

*Attorneys for Plaintiff*


Richard J. Adames, Esq.
Adams & Associates, P.A.
6500 Cowpen Road – Suite 101
Miami Lakes, Florida 33014

*Attorneys for Plaintiff*


*/s/ Bryan F. DuBon*
*Counsel for Defendant*


5081702.v1

- 15 -